UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEITH WROMAS, JR.,
    Plaintiff,

vs.                                    Case No.: 3:20cv02698/MCR/ZCB

LIEUTENANT MURSCH, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Presently before the Court is Plaintiff's "Motion for Default Judgment," in which Plaintiff requests the Court to hold Defendant Thompson in default for his failure to answer Plaintiff's complaint and award Plaintiff $40,000. (Doc. 78). This is the second motion Plaintiff has filed requesting the Court to find Defendant Thompson in default. (*See* Doc. 64). For the exact same reason outlined in the Court's denial of Plaintiff's first request (*See* Doc. 77 at 4), the undersigned respectfully recommends that Plaintiff's request be denied.

Rule 12 of the Federal Rules of Civil Procedure provides that a defendant must serve a responsive pleading within a specified time "after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b) provides for a final default judgment against a defendant who has an entry of default. *See* Fed. R. Civ. P. 55(b)(1)–(2).

Here, Defendant Thompson has not yet been served with Plaintiff's Third Amended Complaint. Defendant Thompson's process receipt stated that Defendant Thompson "no longer reside[d] at that address" and that he "moved out on July 17, 2019." (Doc. 57). The Court has made exhaustive efforts to serve Defendant Thompson, and it appears this Defendant cannot be located. Because Defendant Thompson has not been served, his timeframe in which to file a responsive pleading has not yet begun nor expired. Thus, Plaintiff is also not entitled to an entry of default or a default judgment against Defendant Thompson, and the Court has no basis on which to award Plaintiff $40,000.00.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's "Motion for Default Judgment" (Doc. 78) be **DENIED**.

At Pensacola, Florida, this 24th day of October 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

**NOTICE TO THE PARTIES**

2

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**