UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEITH WROMAS, JR,
    Plaintiff,

vs.                                           Case No.: 3:20cv2698/MCR/ZCB

LIEUTENANT MURSCH, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Now before the Court is Plaintiff's Notice of Writ of Quo Warranto, in which Plaintiff requests that the Court issue a writ of *quo warranto* to the Florida Department of Corrections. (Doc. 104). For the reasons below, Plaintiff's request for a writ of *quo warranto* should be denied.

A writ of *quo warranto* is used to "either determine the right of an individual to hold public office or to challenge a public officer's attempt to exercise some right or privilege derived from the State." *Fuller v. Mortg. Elec. Registration Sys.*, 888 F. Supp. 2d 1257, 1271 (M.D. Fla. 2012). A writ of *quo warranto* is an extraordinary writs that only issues when a petitioner has no other available avenue to obtain the relief sought. *In re Levin*, No. 22-10698-E, 2022 U.S. App. LEXIS 23436, at *4 (11th Cir. Aug. 22, 2022). Only a sovereign can seek a writ of *quo warranto*.

1

*Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933); *see also Greer-El v. Alabama*, No. 3:15cv435, 2015 WL 4477466, at *3 (M.D. Ala. July 22, 2015) (rejecting a *pro se* prisoner's request for a writ of *quo warranto* because "Petitioner has no authority to invoke the writ, as only the sovereign can bring a *quo warranto* action"); *McKinley v. Fed. Bureau of Prisons*, No. 6:07cv226, 2007 WL 2480323, at *5 (E.D. Tex. Aug. 30, 2007) ("The remedy of *quo warranto* belongs to the State, in its sovereign capacity, to protect the interests of the people and to guard the public welfare.").

Here, Plaintiff is not authorized to bring a *quo warranto* action because he is a private citizen and not a sovereign. Accordingly, it is **RECOMMENDED** that Plaintiff's Notice of Writ *Quo Warranto* (Doc. 104) be denied.

At Pensacola, Florida this 13th day of December 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**